IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>KEN BARTON BURROWS,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**<br><br>Case No. 2:15-CR-282-DN<br><br>District Judge David Nuffer |

Defendant Ken Barton Burrows seeks early termination of his supervised release.[1] Because the government and Mr. Burrows's probation officer have no objection[2] and as the circumstances of Mr. Burrows's conduct and the interest of justice warrant the early termination of his supervised release, Mr. Burrows's motion[3] is GRANTED.

## BACKGROUND

On November 14, 2014, in the United States District Court for the Western District of Pennsylvania, Mr. Burrows plead guilty to one count of conspiracy to distribute a controlled substance, a violation of 21 U.S.C. § 846.[4] Mr. Burrows was sentenced on April 7, 2015, to time served and a three-year term of supervised release.[5] Mr. Burrows was also required to pay a

[1] *Pro Se* Motion for Early Termination of Supervised Release, docket no. 5, filed Sept. 16, 2016.

[2] United States Response to Motion for Early Termination of Supervised Release, docket no. 7, filed Oct. 31, 2016.

[3] *Pro Se* Motion for Early Termination of Supervised Release, docket no. 5, filed Sept. 16, 2016.

[4] Criminal Docket for Case No. 2:14-CR-23-TFM-1, docket no. 2, filed May 29, 2015; Minute Entry for Proceedings Held Before Judge Terrence F. McVerry, ECF no. 34 in W.D. Pa. case no. 2:14-CR-23-TFM-1, entered Nov. 14, 2014.

[5] Judgement Including Sentence Under the Sentencing Reform Act, docket no. 2-3, filed May 29, 2015; Judgement Including Sentence Under the Sentencing Reform Act, ECF no. 63 in W.D. Pa. case no. 2:14-CR-23-TFM-1, entered Nov. 14, 2014.

special assessment of $100.00 and forfeit his single-engine, fixed wing Cessna airplane.[6] No restitution was ordered as part of Mr. Burrows's sentence.[7]

On May 28, 2015, Mr. Burrows's case was transferred to the District of Utah.[8] On September 16, 2016, Mr. Burrows filed a motion requesting the early termination of his supervised release.[9] The government and Mr. Burrows's probation officer do not object to the early termination of Mr. Burrows's supervised release.[10]

**DISCUSSION**

"The court may … terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release… if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]"[11] In determining whether early termination of supervised release is warranted, the court must consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable.[12] These factors include:

- "the nature and circumstances of the offense and the history and characteristics of the defendant;"
- "the need for the sentence imposed … to afford adequate deterrence to criminal conduct;"
- "the need for the sentence imposed … to protect the public from further crimes of the defendant;"

---

[6] *Id.*

[7] *Id.*

[8] Transfer of Jurisdiction, docket no. 1, filed May 28, 2015.

[9] *Pro Se* Motion for Early Termination of Supervised Release, docket no. 5, filed Sept. 16, 2016.

[10] United States Response to Motion for Early Termination of Supervised Release, docket no. 7, filed Oct. 31, 2016.

[11] 18 U.S.C. § 3583(e)(1).

[12] *Id.*; *see also United States v. Rosenkrantz*, 2009 WL 890623, *1 (D. Utah Apr. 2, 2009).

- "the need for the sentence imposed … to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;"
- "the kinds of sentence and the sentencing range established for … the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines[;]"
- "any pertinent policy statement[;]"
- "the need to avoid unwarranted sentence disparities among defendant with similar records who have been found guilty of similar conduct;" and
- "the need to provide restitution to any victims of the offense."[13]

Mr. Burrows has completed approximately 18 months of his term of supervised release, which is scheduled to expire on April 6, 2018.[14] The total offense level for Mr. Burrows's conviction was 17 and he had a criminal history category of I. Nothing in the record indicates that Mr. Burrows has had any subsequent violations of the law or the conditions of his supervised release. Mr. Burrows is currently employed, has developed a commercial prototype of an aquaponics system used in food production, and is an integral part of the company's projects involving the system.[15]

Given these circumstances, and considering the factors of 18 U.S.C. § 3553(a) and that the government and Mr. Burrows's probation officer have no objection,[16] the early termination of Mr. Burrows's supervised release is warranted by his conduct and the interest of justice. Accordingly, Mr. Burrows's motion[17] is GRANTED.

[13] 18 U.S.C. § 3553(a)(1), (2)(B), (2)(C), (2)(D), (4), (5), (6), (7).

[14] Transfer of Jurisdiction, docket no. 1, filed May 28, 2015.

[15] *Pro Se* Motion for Early Termination of Supervised Release, docket no. 5, filed Sept. 16, 2016.

[16] United States Response to Motion for Early Termination of Supervised Release, docket no. 7, filed Oct. 31, 2016.

[17] *Pro Se* Motion for Early Termination of Supervised Release, docket no. 5, filed Sept. 16, 2016.

**ORDER**

IT IS HEREBY ORDERED that Mr. Burrows's motion[18] is GRANTED.

IT IS FURTHER HEREBY ORDERED that the term of Mr. Burrows's supervised release is terminated effective immediately.

Signed November 1, 2016.

BY THE COURT

District Judge David Nuffer

[18] *Id*.